IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

LESLIE EDWARD MCGUIRE, JR.,

    Plaintiff,

v.                                    Civil Action No. _____

HII FLEET SUPPORT GROUP LLC,

qne

HUNTINGTON INGALLS INDUSTRIES, INC.

    Defendants.

## COMPLAINT

Leslie Edward McGuire, Jr., by counsel, as and for his Complaint states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims asserted here occurred in the Eastern District of Virginia, and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the practices alleged to be unlawful were committed and continue to be committed in this district.

## PARTIES

3. Leslie Edward McGuire, Jr. ("Plaintiff" or "McGuire") is an individual residing in Coquille, Oregon.

4. HII Fleet Support Group LLC ("FSG") is a limited liability company organized and existing under the laws of the State of Delaware, has its principle place of business in Newport News, Virginia, and is a business unit in the Technical Solutions division of Huntington Ingalls Industries, Inc. At all relevant times, FSG continuously has been an employer engaged in an industry affecting commerce under Section 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), and continuously has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §§ 12111(2), and continuously has employed more than 500 employees.

5. Huntington Ingalls Industries, Inc. ("HII") is a corporation organized and existing under the laws of the State of Delaware, and has its principle place of business in Newport News, Virginia. At all relevant times, HII continuously has been an employer engaged in an industry affecting commerce under Section 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), and continuously has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §§ 12111(2), and continuously has employed more than 500 employees.

6. At all relevant times, FSG and HII were integrated enterprises and joint employers of McGuire.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. On or about September 17, 2020, Plaintiff filed charge of discrimination number 437-2020-01519 (Exhibit 1) ("EEOC Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), and Defendants received a copy of it a short time thereafter.

2. On or about January 14, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights on the EEOC Charge (Exhibit 2).

3. This action was filed within 90 days of Plaintiff's receipt of the aforementioned Dismissal and Notice of Rights.

4. Plaintiff has satisfied all procedural prerequisites for the filing of this action.

## STATEMENT OF FACTS

5. Plaintiff was employed by Defendants from on or about August 16, 2016 through on or about March 19, 2020.

6. Throughout Plaintiff's employment by Defendants, Plaintiff performed Plaintiff's job duties competently, diligently, safely, and in a manner meeting Defendants' legitimate performance expectations.

7. Plaintiff was employed by Defendant as an Engineer Systems 4 in a program under contract by the U.S. Navy to Defendants ("Navy Contract").

8. George Phalen ("Phalen") was Defendants' Navy Contract Deputy Program Manager for Operations, and was Plaintiff's direct supervisor in his employment with Defendant.

9. William Hodges ("Hodges") was Defendants' Navy Contract Deputy Program Manager for Administration, and also was in a supervisory relationship to Plaintiff.

10. Douglas Daniels ("Daniels") was Defendants' Navy Contract Program Manager, and was the immediate supervisor of Phalen and Hodges.

11. Throughout his employment with Defendants, Plaintiff never consumed alcohol while at work or while on duty, and never was under the influence of alcohol while at work or while on duty.

12. During early December 2019, Plaintiff began drinking regularly while off duty, regularly consuming alcohol between the end of his workday and when he went to bed for the night, but never consumed alcohol while at work or while on duty and never was under the influence of alcohol while at work or while on duty.

13. By late December 2020, Plaintiff realized that he was suffering from alcoholism, and obtained professional treatment for that disease.

14. On or about December 27, 2019, Plaintiff spoke with Phalen by telephone and informed Phalen that Plaintiff was suffering from alcoholism and that Plaintiff was planning to enroll in an in-patient alcoholism rehabilitation program.

15. From on or about December 28, 2019 until on or about January 30, 2020, Plaintiff was on a medical leave of absence for treatment for alcoholism.

16. Plaintiff's chain of command, including but not necessarily limited to Phalen, Hodges and Daniels, were aware that Plaintiff was on a medical leave of absence for treatment for alcoholism during that time.

17. Plaintiff entered the alcoholism treatment program on or about December 31, 2019.

18. Plaintiff successfully completed the alcohol treatment program on or about January 30, 2020.

19. Plaintiff returned to work on February 5, 2020 after receiving medical clearance to do so.

20. Shortly after returning to work, Cathy Mayo ("Mayo"), who was an employee in Defendants' human resources department, and a second female employee of that department, called Plaintiff and informed Plaintiff that Plaintiff was the subject of an investigation by

Defendants' human resources department. Plaintiff asked them why he was under investigation, but Mayo refused to tell him. They asked me some general questions about his work activities and time, which Plaintiff answered truthfully. They did not ask or say anything about Plaintiff being intoxicated while at work, about Plaintiff sleeping during work hours, or about Plaintiff mischarging time.

21. After that phone call with the human resources department employees, Plaintiff asked Phalen and Hodges why Plaintiff was being investigated, but they refused to tell him.

22. On March 19, 2020, Mayo informed Plaintiff that he was being fired for time card fraud and gave him a discharge notice dated March 19, 2020 attached hereto as Exhibit 3.

23. The normal practice of Defendants in instances of suspicion, accusation or investigation of time card fraud is to provide the employee with reasonable notice of and opportunity to respond to the suspicion, accusation or investigation.

24. Prior to March 19, 2020, Defendants did not inform Plaintiff he was suspected of, accused of, or being investigated for time card fraud, or give Plaintiff any opportunity to respond to any such suspicion, accusation, or investigation, and Plaintiff had no idea he was suspected of, accused of, or being investigated for time card fraud.

25. Plaintiff never engaged in time card fraud, and Plaintiff would have demonstrated that fact to Defendants had Defendants given Plaintiff reasonable notice of and opportunity to respond to the suspicion, accusation or investigation of time card fraud.

26. Defendants discharged Plaintiff for time card fraud without providing Plaintiff any reasonable notice of and opportunity to respond to the suspicion, accusation or investigation of time card fraud, because Defendants did not wish to give Plaintiff an opportunity to demonstrate Plaintiff was not guilty of time card fraud.

27. Time card fraud was a pretext by Defendants for discharging Plaintiff because he is an alcoholic and because he has a record of alcoholism.

28. Defendants discharge Plaintiff because he is an alcoholic and because he has a record of alcoholism.

## COUNT 1
## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF ADA

29. The facts set forth elsewhere in this Complaint are incorporated by reference into this Count as if fully set forth herein.

30. Alcoholism is a disability within the meaning of the ADA.

31. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

32. Throughout Plaintiff's employment with Defendants, Plaintiff was qualified to perform the essential functions of Plaintiff's job with or without reasonable accommodation.

33. Defendants discriminated against Plaintiff on the basis of disability by discharging Plaintiff because he is an alcoholic.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and as relief demands the following:

a. A declaratory judgment that Defendants discriminated against Plaintiff in violation of the ADA;

b. Back pay in an amount to be determined by the Court at trial;

c. Front pay in an amount to be determined by the Court at trial;

d. Past pecuniary losses in an amount to be determined at trial;

e. Compensatory damages of not less than $300,000 against each defendant;

 f. Punitive damages of not less than $300,000;

 g. Nominal damages, if appropriate;

 h. Costs and expenses incurred herein, including but not limited to reasonable attorney and expert witness fees;

 i. Pre-judgment interest;

 j. Post-judgment interest; and

 k. Such other and further relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

## COUNT 2
### DISCRIMINATION ON THE BASIS OF RECORD OF DISABILITY IN VIOLATION OF ADA

34. The facts set forth elsewhere in this Complaint are incorporated by reference into this Count as if fully set forth herein.

35. Alcoholism is a disability within the meaning of the ADA.

36. Plaintiff had a record of alcoholism and treatment for alcoholism, which was known to Defendants.

37. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

38. Throughout Plaintiff's employment with Defendants, Plaintiff was qualified to perform the essential functions of Plaintiff's job with or without reasonable accommodation.

39. Defendants discriminated against Plaintiff by terminating his employment because he had a record of alcoholism and treatment for alcoholism.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and as relief demands the following:

a. A declaratory judgment that Defendants discriminated against Plaintiff in violation of the ADA;

b. Back pay in an amount to be determined by the Court at trial;

c. Front pay in an amount to be determined by the Court at trial;

d. Past pecuniary losses in an amount to be determined at trial;

e. Compensatory damages of not less than $300,000 against each defendant;

f. Punitive damages of not less than $300,000;

g. Nominal damages, if appropriate;

h. Costs and expenses incurred herein, including but not limited to reasonable attorney and expert witness fees;

i. Pre-judgment interest;

j. Post-judgment interest; and

k. Such other and further relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

**LESLIE EDWARD MCGUIRE, JR.**

By: \_\_\_ /s/ *Ray Hogge*

Raymond L. Hogge, Jr.
VSB No. 29445
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, VA 23510
Tel: (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com
Counsel for Leslie Edward McGuire, Jr.

Date: April 13, 2021